LAW OFFICE OF HOWARD K. K. LUKE
HOWARD K. K. LUKE  2049
DANIEL K. K. LUKE  10794
Davies Pacific Center
841 Bishop Street, Suite 410
Honolulu, Hawaii 96813
Telephone:  (808) 545-5000
Facsimile:  (808) 523-9137
Email:  howard@hkkluke.com

Attorneys for Defendant MCAVAY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. CR 19-00113 JAO<br>)<br>) **DEFENDANT'S REPLY**<br>) **MEMORANDUM TO**<br>) **GOVERNMENT'S RESPONSE TO**<br>) **MOTION TO COMPEL EARLY**<br>) **DISCLOSURE OF BRADY**<br>) **MATERIALS**<br>)<br>) Hearing:  June 30, 2021 at 9:00 a.m. (tel)<br>)<br>) Judge:  The Honorable Rom A. Trader<br>) |
| Plaintiff, | |
| vs. | |
| JOHN MCAVAY, | |
| Defendant. | |

**DEFENDANT'S REPLY MEMORANDUM
TO GOVERNMENT'S RESPONSE TO MOTION TO
COMPEL EARLY DISCLOSURE OF BRADY MATERIALS**

Defendant JOHN MCAVAY, by and through counsel undersigned, hereby respectfully submits its reply memorandum made in response to the pleading entitled "Government's Response to Defendant's Motion to Compel Early Disclosure of Brady Materials" (hereinafter "Response") (ECF No. 46).

1

I.   **The Government is uniquely situated to request the criminal background of its foreign witnesses.**

Defendant has no ability to investigate the background of witnesses that are not citizens of the United States, and is at a severe disadvantage in comparison to the Government in this regard. The Government has the means to request information about its witnesses of foreign origin by means of numerous diplomatic and statutory channels. Defendant is not requesting tangible evidence or the work product of foreign powers, as in the cases cited by the Government in its Response. See Response at 7 (citing United States v. Friedman, 593 F.2d 109, 120 (9th Cir. 1979) (9th Cir. 1979) (a diary in the possession of government of Chile), United States v. Meza, 2017 WL 1321383 (S.D. Cal. Apr. 7, 2017) (results of testing and reports done by the Mexican authorities), U.S. v. Mejia, 448 F.3d 436, 444 (D.C. Cir. 2006) (transcripts of a trial of a co-conspirator in Costa Rica)). The Government also has access to records through mutual legal assistance treaties or other treaties or informal cooperation agreements, while the Defendant has virtually no access to evidence abroad. Defendant is not requesting specific evidence beyond the scope of the investigation, but merely the records of any crimes or bad acts known by the governments of the respective countries of the prosecution's witnesses. These criminal records are often public record and are not protected or confidential. Defendant respectfully requests that this Court consider this substantial disparity in investigative power in ruling on Defendant's request to

compel (or make a good faith effort to request) the criminal backgrounds of the witnesses that it intends to call at trial.

The Mejia case, cited in the Government's Response, references the use of a Mutual Legal Assistance Treaty ("MLAT") that existed between the United States and the government of Chile. In that case, the court denied the defendant's request to compel the United States to request the trial transcripts of a co-conspirator of the defendant because the Government did not have the power or legal authority to secure the transcripts under the MLAT. Mejia, 448 F.3d 436, 444 (D.C. Cir. 2006). Defendant is not aware of the specifics of the treaties with regard to the countries of origin of each individual witness. However, Defendant is aware that there are witnesses that may be called by the Government at trial who are citizens of other nations, including the United Kingdom and/or the Philippines. Both of those latter two countries do have treaties with the United States that require the general disclosure of public records. See Treaty Between the Government of the United States of America and the Government of the Republic of the Philippines on Mutual Legal Assistance in Criminal Matters, Art. 9, November 13, 1994, *Treaties and Other International Acts Series* 96-1122.1 (https://www.state.gov/wp-content/uploads/2019/03/96-1122.1-Philippines-Mutual-Legl-AssistTreaty.pdf) ("[t]he Requested State shall provide the Requesting State with copies of publicly available records, including documents or information in any

form, in the possession of government departments and agencies in the Requested State."); See also Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters, Art. 9 § 1, December 2, 1996, *Treaties and Other International Acts Series* 96-1202 (https://fas.org/irp/world/uk/us-uk-mla.pdf) ("The Requested Party shall provide the Requesting Party with copies of publicly available records of government departments and agencies of the Requested Party.").

Furthermore, Defendant is aware that several of the foreign witnesses have United States visas, and that the information pertaining to their visa application process is within the control of the United States Government. Defendant respectfully requests that the Court direct the Government to request these records from the appropriate United States government agencies. Any record of criminal conduct that exists in the records of the United States based on visa or immigration records are certainly within the control of the United States government and, if they exist, should be disclosed as material under Brady.

## II. Defendant maintains that he is in receipt of <u>one</u> recorded statement of a pertinent witness made during the Government's investigation.

Defendant and his counsel appreciate the discovery furnished from the Government thus far, and acknowledge the Government's representations that it shall transmit certain Brady and Henthorn materials in advance of trial. (Response

at 3). However, in response to the Government's assertion that Defendant's Motion to Compel is inaccurate (Response at 7-8), Defendant maintains that he has only one recorded statement of an important witness made during the Government's investigation of this case. (ECF No. 46-2 at 8 (audio filed entitled "VN810101. MP3" at MCAVAY_000275)). As the Government points out, it has also transmitted a video file of body camera footage of witnesses, but this footage depicts brief and fragmented questioning by a private security guard onboard the cruise ship arriving at the scene of incident, and does not involve questioning by any federal investigators in a controlled setting. Defendant understands that recorded statements of interviews are a rarity in federal criminal investigations, and that interviews are generally summarized in writing later by federal investigators. This practice was utilized in this case as well, with the single exception cited above.

Defendant's argument here is not made to accuse the Government of any improper nondisclosure, but rather to highlight the importance of the Grand Jury Transcripts in providing the full characterization of each witness's testimony and personal knowledge.

DATED: Honolulu, Hawaii, June 25, 2021.

/s/Howard K. K. Luke
HOWARD K. K. LUKE
Attorneys for Defendant McAvay